## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RICHARD HENDERSON (# 109504)**          **CIVIL ACTION**

**VERSUS**

**ROBERT TANNER, WARDEN, ET AL.**          **NO. 15-0804-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 16, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RICHARD HENDERSON (# 109504)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**ROBERT TANNER, WARDEN, ET AL.**　　　　　　　　　**NO. 15-0804-SDD-EWD**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss of Defendants Robert Tanner, Raman Singh and Pretty Singh (R. Doc. 19). This Motion is opposed.

*Pro se P*laintiff, an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Robert Tanner, Dr. Raman Singh, Dr. Preety Singh and Nurse Elizabeth Britton, complaining that Defendants have violated his constitutional rights by exhibiting deliberate indifference to his serious medical needs.[1]

In the instant Motion, the appearing Defendants seek dismissal of Plaintiff's claims asserted against them on several grounds, among which is the contention that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

1  Attempts by the United States Marshal's Office to serve Defendant Elizabeth Britton have proven unsuccessful. Specifically, service of process was refused for Defendant Britton at the Lallie Kemp Regional Medical Center and at the office of the Louisiana Department of Public Safety and Corrections because Defendant was "not employed at either facility." *See* R. Docs. 10 and 59. Pursuant to Order dated February 15, 2017 (R. Doc. 66), the Court has granted a Motion filed by Plaintiff and directed that the last known address of Defendant Britton be filed into the record of this proceeding so that a further attempt at service may be made by the United States Marshal's Office.

544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed pro se is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or

"naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

Applying the foregoing standard to Plaintiff's allegations asserted against the appearing defendants, the Court concludes that Defendants' Motion should be granted in part. In his Complaint, as amended, Plaintiff alleges that he was diagnosed with Hepatitis C after a liver biopsy in 2007 and was transferred to EHCC for treatment of that disease. In January and February 2014, Plaintiff's liver enzyme levels were measured to be three times the normal level, and he was commenced on a 24-week course of treatment with interferon/ribovarin. According to Plaintiff, interferon does not cure Hepatitis C but merely retards its progress. Further, Plaintiff alleges that new medications have been discovered and approved for treatment of Hepatitis C, including the medication Harvoni, and these medications are known to have a very high rate of success in actually curing this disease. Notwithstanding, Defendants have not authorized Plaintiff to receive such medications despite his requests, and he has been informed that the reason for this refusal is because the medications are expensive. In addition, Plaintiff complains that he has been diagnosed with stage III cirrhosis of the liver and that his requests to see a liver specialist and/or receive an ultrasound or liver biopsy have been denied. Plaintiff prays for monetary damages and for injunctive relief, specifically for "treatment with medication that will cure Hep. C." *See* R. Doc. 3 at p. 5.

In response to Plaintiff's allegations, Defendants first seek dismissal of the claims asserted against them in their official capacity for monetary damages. In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department*

*of State Police*, 491 U.S. 58, 71 (1989).  In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id.* at 25.  Accordingly, Plaintiff's claim asserted against Defendants in their official capacities for monetary damages is subject to dismissal.  In contrast, Plaintiff's claim for monetary damages asserted against Defendants in their individual capacities remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state.  *Id.* at 29.  In addition, a claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is also not seen to be a claim asserted against the state.  *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d *Civil Rights* § 101.

Turning to Plaintiff's claims that are not barred by the Eleventh Amendment, the Court next addresses Defendants' assertion that they are entitled to qualified immunity in connection with Plaintiff's claims.  Specifically, Defendants contend that Plaintiff's allegations are insufficient to establish that any of them has participated in a violation of Plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).  Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendants' conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation

occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to Plaintiff's claims, the Court concludes that Defendants' Motion to Dismiss should be denied.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The

deliberate indifference standard sets a very high bar: Plaintiff must be able to establish that a defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*.  Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In addition to the foregoing, in order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing principles, the Court concludes that Plaintiff has alleged facts sufficient to support a claim of deliberate medical indifference on the part of Defendants. Specifically, there are numerous reported decisions that have commented upon the potentially curative effects of medications such as Harvoni (which has been specifically requested by Plaintiff), as well as other recently-approved Hepatitis C medication protocols.  *See, e.g., Abu-Jamal v. Kerestes*, 2016 WL 4574646, *9 (M.D. Pa. Aug. 31, 2016) ("The standard of care with respect to the treatment of chronic Hepatitis C is the administration of newly-developed DAA medications, such as Harvoni, Sovaldi, and Viekira Pak").  *See also B.E. v. Teeter*, 2016 WL 3033500, *1 (W.D. Wash. May 27, 2016) ("Harvoni … was FDA-approved on October 10, 2014 and has a success rate of achieving 'sustained virological response [] of nearly 100%, with little to no side effects").  In many of these cases, a judicial resolution of the inmate plaintiffs' claims that they were not being provided with these medications has been based upon an evidentiary showing made in the context of a motion for summary judgment or evidentiary hearing.  *See, e.g., Phelps v. Wexford Health Sources, Inc.*, 2017 WL 528424 (D. Md. Feb. 8, 2017); *Fitch v. Blades*, 2016 WL 8118192 (D. Idaho Oct. 27, 2016); *King v. Calderwood*, 2016 WL 4771065 (D. Nevada Sept. 12, 2016); *Crigger v. Wright*, 2016 WL 1626580 (E.D. Va. April 20, 2016).  In the instant case, however, the Court does not have before it any evidence upon which to base a decision whether the determination to deny Plaintiff the potentially curative medication has been warranted. Accordingly, Defendants' Motion to Dismiss should be denied.  *See Allah v. Thomas*, ___ Fed. Appx. ___, 2017 WL 568313 (3rd Cir. Feb. 13, 2017) (reversing lower court decision granting defendants' motion to dismiss, concluding that the inmate plaintiff "plausibly alleged an Eighth Amendment violation" regarding denial of medication for Hepatitis C); *Cassell v. Griffin*, 2016 WL 5954406 (E.D. Ark. Sept. 22, 2016) (denying defendants' motion to dismiss where plaintiff's

request for treatment with Harvoni had been refused, noting that "it is clear that [plaintiff] has pled a viable § 1983 claim[]"); *Chimenti v. Pennsylvania Department of Corrections*, 2016 WL 1125580 (E.D. Pa. Mar. 21, 2016) (denying defendants' motion to dismiss in class action where inmates complained of a denial to provide latest Hepatitis C medications). Whereas the Constitution does not mandate that Plaintiff be provided with the best medical care that is available, *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992), the law is clear that "[t]he denial or delay of necessary medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation." *See Hanna v. Correctional Corporation of America*, 95 Fed. Appx. 531, 532 (5th Cir. 2004). Finally, whereas Plaintiff has not alleged that Defendants Robert Tanner, Raman Singh and Preety Singh have been personally or directly involved in providing him with medical care or treatment at EHCC, Plaintiff has alleged that these Defendants are policy-makers who are involved with making policy determinations regarding treatment protocols and regimens available to inmates, and it further appears that Defendants may be the appropriate supervisory officials to respond to any order for injunctive relief that may be found to be warranted in this case.

## RECOMMENDATION

It is recommended that Plaintiff's claim asserted against Defendants in their official capacities for monetary damages be dismissed and that the Motion to Dismiss of Defendants Robert Tanner, Raman Singh and Preety Singh (R. Doc. 19) be otherwise denied. It is further recommended and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on February 16, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**