# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RICHARD HENDERSON (DOC # 109504)**      **CIVIL ACTION NO.**

**VERSUS**      **15-804-SDD-EWD**

**ROBERT TANNER, WARDEN, ET AL.**

*Consolidated for discovery purposes only with*

**TONY CORMIER   (DOC # 278001)**      **CIVIL ACTION NO.**

**VERSUS**      **17-241-SDD-EWD**

**JOHN BEL EDWARDS, ET AL.**

## RULING AND ORDER ON MOTIONS TO REQUEST TRANSFER OF PLAINTIFF TO ATTEND DEPOSITION AT LOUISIANA DEPARTMENT OF JUSTICE

Before the Court are Motions to Request Transfer of Plaintiff to Attend Deposition at Louisiana Department of Justice ("Motions to Transfer").[1] The Motions to Transfer are opposed.[2] The plaintiffs in these cases have alleged violations of 42 U.S.C. § 1983 on the basis that they have been denied adequate medical treatment for Hepatitis C. The Court interprets the Motions to Transfer as seeking writs of habeas corpus to have these inmate plaintiffs transferred to the Louisiana Department of Justice to participate in the deposition of Nurse Elizabeth Britton, a nurse practitioner who coordinates liver disease services for the Louisiana Department of Corrections. For the reasons that follow, the Motions to Transfer are **DENIED**; however, Elayn Hunt Correctional Center is **ORDERED** to produce inmate plaintiffs Richard Henderson (DOC # 109504) and Tony Cormier (DOC # 278001) for the deposition of Nurse Britton which is currently

---

[1] R. Doc. 111, Case No. 15-804 and R. Doc. 57, Case No. 17-241. Because the cases have been consolidated for discovery purposes (R. Doc. 99, Case No. 15-804 and R. Doc. 17, Case No. 17-241) and the because the motions relate to a discovery issue, the Court will address both motions in this Ruling and Order.
[2] R. Doc. 114, Case No. 15-804 and R. Doc. 58, Case No. 17-241.

1

scheduled for **April 26, 2018 at 1:00 p.m.,** or at such other date and time as is mutually agreeable to all parties. The deposition will take place at Elayn Hunt Correctional Center rather than at the Louisiana Department of Justice. Officials at Elayn Hunt Correctional Center shall make all appropriate arrangements to ensure compliance with this Order.

## I. Background

Plaintiffs, Richard Henderson and Tony Cormier, inmates incarcerated at Elayn Hunt Correctional Center ("EHCC"), filed suits alleging violations of 42 U.S.C. § 1983 for deliberate indifference to their serious medical needs based on allegations that defendants have failed to provide plaintiffs with adequate medical treatment for Hepatitis C. Nurse Elizabeth Britton, who is alleged to be the "liver clinic administrator" at EHCC, is named as a defendant in both suits. Richard Henderson alleges that he has had stage IV hepatitis C since 2014.[3] Tony Cormier alleges that he was diagnosed with Stage-3 chronic Hepatitis C on August 4, 2016.[4] The operative Complaints allege that Nurse Britton denied treatment for Plaintiffs' chronic Hepatitis C due to concerns about the expense of such treatment.[5]

The Motions to Transfer state that the deposition of Nurse Britton was originally scheduled on February 2, 2018 at EHCC. The Plaintiffs desire to participate in Nurse Britton's deposition to assist counsel. According to the Motions to Transfer, Plaintiffs' counsel were advised that the court reporter could not use her tape recorder for security reasons and Plaintiffs' counsel were not permitted to have phones or wallets in the deposition, although they believe attorneys for the Louisiana Department of Corrections were allowed to have phones in the conference room. The primary issue in the Motions to Transfer, however, is that prison officials at EHCC refused to

---

[3] R. Doc. 36, p. 4, Case No. 15-804.
[4] R. Doc. 1, p. 7, Case No. 17-241.
[5] R. Doc. 36, p. 7, Case No. 15-804; R. Doc. 1, p. 16, Case No. 17-241.

allow Plaintiffs to attend the deposition. Counsel for Plaintiffs seek to have Plaintiffs transferred to the Louisiana Department of Justice or the courthouse for Nurse Britton's deposition because they allege that they "have no confidence that they can effectively litigate this case at the prison as prison officials at Hunt have shown every reason to intimidate, frustrate and prevent efficient administration of justice in this matter."[6]

In opposition, defendants state that prison officials at EHCC denied Plaintiffs permission to attend Nurse Britton's deposition in accordance with facility protocol because they did not receive advance notice that Plaintiffs desired to attend the deposition. Defendants object to the Plaintiffs being transferred to the Louisiana Department of Justice or to the courthouse due to costs and security reasons. Defendants do not object to an order requiring that Plaintiffs be permitted to attend Nurse Britton's deposition at EHCC.

**II.    Law and Analysis**

The Court is mindful of the competing interests of the plaintiffs, in being permitted to participate in the prosecution of their cases, and of the defendants, in ensuring public safety and security in a cost effective manner.

It is important to note at the outset that Plaintiffs have not pointed to any authority for the proposition that they have a right to be present at pre-trial proceedings. The United States Supreme Court has established that incarcerated civil litigants do not necessarily have such rights:

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 (now 28 U.S.C. § 1654) to parties in all courts of the United States to 'plead and manage their own causes personally.'[7]

---

[6] R. Doc. 113, ¶ 11, Case No. 15-804; R. Doc. 57, ¶11, Case No. 17-241.
[7] *Price v. Johnston*, 334 U.S. 266, 285-6 (1948).

In the context of a writ of habeas corpus ad testificandum sought by an incarcerated *pro se* civil litigant, the Fifth Circuit has stated that such a petitioner's physical presence is not necessarily required, even at the trial stage.[8] Although not directly on point, certainly if there is no absolute right for an incarcerated *pro se* litigant to personally attend his trial, there can be no absolute right for an incarcerated *pro se* litigant to personally attend the deposition of a fact witness. The *Ballard* court stated that the decision to grant a writ requires consideration of the following factors: whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[9] In this case, Plaintiffs argue that they have particular knowledge related to Nurse Britton's involvement in the litigation so they wish to participate at her deposition to assist their counsel. Defendants argue that the security risks and expenses of transporting the Plaintiffs are significant. Both parties' positions have merit.

Accordingly, to accommodate Plaintiffs' interests in being present to assist counsel at Nurse Britton's deposition,[10] but acknowledging Defendants' concerns regarding costs and security associated with transporting Plaintiffs to an off-site location for the deposition,

**IT IS HEREBY ORDERED** that the Motions to Transfer are **DENIED**, however, Elayn Hunt Correctional Center is **ORDERED** to produce inmate plaintiffs Richard Henderson (DOC #

---

[8] *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)("While certain of these actions [civil filings by incarcerated pro se litigants] may be dismissed without requiring a hearing, when the file and record require the district court to make credibility choices, the petitioner is entitled to a day in court with live testimony. This does not mean, of course, that the petitioner's presence will be required, however.")(internal citation omitted)
[9] *Id.*
[10] To the extent Plaintiffs have argued it is necessary to conduct Nurse Britton's deposition outside of EHCC due to issues encountered during the February 2, 2018 attempt to conduct her deposition, the Court finds that the limited information provided about these issues is not sufficient to require that the deposition be conducted outside EHCC at this time. Further, Federal Rule of Civil Procedure 30(d)(2) provides a mechanism for any party to seek appropriate sanctions where a person impedes, delays or frustrates the fair examination of the deponent.

109504) and Tony Cormier (DOC # 278001) for the deposition of Nurse Britton which is currently scheduled for **April 26, 2018 at 1:00 p.m.**, or at such other date and time as is mutually agreeable to all parties.

**IT IS FURTHER ORDERED** that the deposition of Nurse Britton will take place at Elayn Hunt Correctional Center on **April 26, 2018 at 1:00 p.m**., or at such other date and time as is mutually agreeable to all parties.

**IT IS FURTHER ORDERED** that counsel for defendants in this matter shall provide a copy of this Ruling and Order to the appropriate officials at Elayn Hunt Correctional Center and that officials at Elayn Hunt Correctional Center shall make all appropriate arrangements to ensure compliance with this Order.

**Failure to comply with the requirements of this Order may result in the imposition of sanctions.**

Signed in Baton Rouge, Louisiana, on April 23, 2018.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**